### O. B. NETTLES v. THE STATE.

#### No. 7506.   Decided March 14, 1923.

#### Denied May 2, 1923.

1.—Theft of Automobile—Sufficiency of the Evidence.

Where, upon trial of theft of an automobile, the State's testimony is sufficient to authorize a conviction the same will be sustained although the jury would have been authorized to acquit.

2.—Same—Rehearing—Practice on Appeal.

Where appellant filed a motion for rehearing because of the insufficiency of the evidence, this court after reconsidering the record must adhere to the original opinion and sustain the conviction.

Appeal from the Crim. District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft of automobile; penalty, two years imprisonment in the penitentiary.

*V. M. Clark* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS, JUDGE.—Appellant and Lonnie Courts were indicted jointly for theft of an automobile. Upon the trial Courts entered a plea of guilty; upon appellant's plea of not guilty he was convicted and his punishment fixed at two years in the penitentiary.

No objections were made to the court's charge and no bills of exception were reserved, so the only question before us is the sufficiency of the evidence. In passing upon this we must look to the State's testimony; if that is sufficient to authorize conviction, we would not be justified in disturbing the verdict, although the defensive evidence, if believed by the jury, would have authorized an acquittal.

Jim Witovec parked his automobile near the Tremont Hotel in the City of Houston on June 30, 1922. He locked the car and stepped into a near-by place of business where he remained only about ten

minutes; when he returned the car was gone. It was recovered and restored to him seventeen days later. His identification of it is complete. Two days after the car was stolen, appellant and Courts were in the car at Cushing in Nacogdoches County, where Dr. Lawrence bought it for $100, giving his check for $90 and $10 in cash. His conversation and trade was with Courts, who gave the name of Elliott; appellant was about twenty feet away while the trade was being negotiated. When Dr. Lawrence first saw the two boys they were together in a drug store; later he was informed by some one that they had a car to sell; when he next saw them they were both in the car. Witness Carpenter was on the sidewalk near the Tremont Hotel and saw the two boys, whom he identified positively, passing along the street and their conduct excited his suspicion, causing him to pay close attention to them. They were looking carefully at the parked cars as they passed by witness. They passed out of witness' sight for a few minutes, when one of them came down on the same side of the street where witness was standing, then crossed the street and came up on the opposite side where he met the other party near the center of the block, when they both got in the car and drove away, Courts doing the driving. When Witovec came out of the business house Carpenter saw him looking for the car which had just been taken. Witness Smith testified to practically the same facts as did Carpenter. He became so suspicious of the actions of defendants that he took the number of the car as they drove away in it and telephoned to the police station. When the car was recovered the motor numbers had been changed. Both appellant and Courts were arrested as they stepped off of the train in Dallas the next morning after having sold the car in Nacogdoches County.

The foregoing in brief is the testimony of the State save as it might be supplemented in so far as incriminating circumstances are concerned by the testimony of the two co-indictees themselves. Courts testified that he alone stole the car and that appellant Nettles had no knowledge of the fact that it was being stolen, but believed it was his, Courts' car; but that he advised Nettles to the contrary and told him that the car was stolen about the time they reached Humble on their journey towards Nacogdoches. He claims to have left Nettles in the City of Nacogdoches, and to have driven the car out in the country some distance where he changed the engine numbers without Nettles' knowledge. Nettles testifies practically to the same effect except that he claims that he did not know the car was stolen until they got on the train on their way to Dallas. There are many statements in the testimony of the two which are not consistent with the innocence of either. Nettles knew at the time Courts sold the car that he gave the name of Elliott but made no protest. It is not necessary to set out in detail, so far as passing upon the question before us is concerned other matters in their testimony which authorized the jury to regard it with

suspicion. Their movements with reference to the purchase of a hand-bag, and Nettles' action in going to Courts' rooming place to get his clothing, leaving the hand-bag at a different place, which they picked up on their flight after having gotten the car, and other things, were of a suspicious character which would have warranted the jury in discrediting the statement that appellant Nettles did not know of the purpose to steal the car.

The jury were informed by the court that if Nettles and Courts were acting together in the commission of the offense each of them would be guilty, but that if Nettles was present at the time the automobile was taken but did not at that time know the unlawful intent of Courts, Nettles would not be guilty; or if Nettles believed that Courts had the legal right to take the car he, Nettles, would not be guilty, although in truth and in fact Courts did not have such right. It will be seen from the foregoing charge that the legal rights of appellant Nettles were clearly and pertinently presented to the jury as they arose from the testimony, and the jury has settled those issues in favor of the State. We cannot agree with appellant's contention that the evidence is insufficient to support the verdict and judgment.

Believing the jury was amply authorized to reach the conclusion reflected by their action, it is our duty to affirm the judgment, and it is so ordered.

*Affirmed.*

ON REHEARING.

May 2, 1923.

MORROW, PRESIDING JUDGE.—We are unable to sanction appellant's contention that the evidence is not sufficient to support the conviction. The Ford automobile of the injured party was stolen upon the street. It was shown that the appellant and the witness Courts acted together in taking the car. Their conduct before and at the time of the theft was peculiar to a degree that it aroused the suspicion of the observers. There was no question of identity. The car was taken to another town and sold for an inadequate consideration. It was worth about $500 and was sold for $100. The identification number had been changed. Courts, in his testimony, assumes, in the main, the responsibility for the theft, claiming that appellant was not present when the number was changed. He concedes, however, that appellant knew that the car was stolen. He was present at the time that it was sold. The conduct of the parties before and after the theft was detailed upon the trial, and in our judgment, the nature of appellant's connection with the theft was peculiarly a question for the jury's determination.

The motion for rehearing is overruled.

*Overruled.*